IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NINA JANKOWICZ**, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. |
| | : |
| **FOX NEWS NETWORK, LLC**, and **FOX CORPORATION**, | : |
| | : |
| Defendants. | : |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Fox News Network, LLC ("FNN") and Fox Corporation ("Fox Corporation") (collectively, the "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446 and state as follows:

## NATURE OF THE REMOVED ACTION

1. In this action, plaintiff Nina Jankowicz ("Plaintiff") purports to bring an action for defamation against Defendants.

2. Plaintiff filed a civil action in the Superior Court of the State of Delaware on May 10, 2023 (the "State Court Action"). As of the filing of this Notice of Removal, upon information and belief, no summons has been issued in the State Court Action and none of the Defendants has been served. *See* Sup. Ct. R. Civ. P. 4(f) ("Service of process . . . shall be made . . . [u]pon a domestic . . . unincorporated association . . . which is subject to suit under common name *by delivering copies of the summons, complaint* and affidavit, if any, to an officer, a managing or general agent or to any other agent authorized by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy

1

to the defendant.") (emphasis added); *id.* 4(c) (providing that "[t]he process shall bear the date of its issuance, *be signed by the Prothonotary or one of the Deputy Prothonotaries, be under the seal of the Court* . . . .) (emphasis added).

3. "[S]ervice is generally not a prerequisite for removal and . . . a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined [30-day] period for removal ends." *Novak v. Bank of N.Y. Mellon Tr. Co.*, 783 F.3d 910, 911 (1st Cir. 2015).[1]

## GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

4. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

## COMPLETE DIVERSITY EXISTS

6. "Diversity of citizenship must have existed at the time the complaint was filed, and at the time of removal." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir.

---

[1] Under 28 U.S.C. § 1446(a), a defendant "desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." As of this writing, no process, pleadings, or orders have been served on Defendants. Defendants nevertheless attach as Exhibit A a courtesy copy of the State Court Action Complaint, as well as the other documents filed at the outset of the State Court Action.

2

2013) (citation omitted). The citizenship of the parties set forth in this Notice of Removal refers to the citizenship of the parties at the time of the filing of the Complaint and at the time of removal.

7. According to the Complaint in the State Court Action, complete diversity exists because no Defendant is a citizen of the Commonwealth of Virginia. This action therefore is between citizens of different states.

### Citizenship of Plaintiff

8. While there is no statutory definition of an individual's state of citizenship, courts look to an individual's domicile—his or her permanent home. *See, e.g.*, *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) ("[c]itizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning. ") (citations and internal quotation marks omitted). Plaintiff's Complaint in the State Court Action alleges that she is a resident of the Commonwealth of Virginia.

### Citizenship of Defendants Fox News Network. LLC and Fox Corporation

9. "[T]he citizenship of an LLC is determined by the citizenship of each of its members." *Aloise v. Giant of Maryland, LLC*, 2013 WL 1222776, at *1 (D. Del. Mar. 26, 2013) (quoting *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 418 (3d Cir. 2010)). The "place of organization and principal place of business of a limited liability company are irrelevant" under the federal diversity statute. *Trowbridge v. Dimitri's 50's Diner L.L.C.*, 208 F. Supp. 2d 908, 910 (N.D. Ill. 2002) (citing *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998)). *See also Johnson*, 724 F.3d at 352 (LLC's citizenship is defined solely by the citizenship of its sole member). "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been

3

incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. FNN is a Delaware limited liability company. That entity's sole member is Fox Television Stations, LLC, a Delaware limited liability company. That entity's sole member is Fox Television Holdings, LLC, a Delaware limited liability company. That entity's sole member is Foxcorp Holdings, LLC, a Delaware limited liability company. That entity's sole member is Fox Corporation, a Delaware corporation with its principal place of business in New York. As such, FNN is a citizen of the States of Delaware and New York.

11. Fox Corporation is a citizen of the States of Delaware and New York.

12. Accordingly, no Defendant is a citizen of the Commonwealth of Virginia. Plaintiff and Defendants are thus citizens of different states and complete diversity exists.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13. Plaintiff's Complaint in the State Court Action claims that she suffered damages but does not demand a sum certain. (Ex. A, Compl. at 62-63 (Prayer for Relief).) "Generally, the amount in controversy is determined by the complaint itself." *Aloise*, 2013 WL 1222776, at *1 (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). And when a "complaint does not limit its request for damages to a precise monetary amount," a "district court [may] properly ma[ke] an independent appraisal of the value of the claim." *Id.* at 145. *See also Rudolph v. Taylor*, 2004

4

WL 51270, at *1 (D. Del. Jan. 5, 2004).  In removal practice, the district court "must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).   Here, it is facially apparent that the amount in controversy exceeds $75,000.

14. In her Prayer for Relief, Plaintiff seeks compensatory damages for alleged "economic, emotional, reputational, and other injuries;" punitive damages; expenses and costs, "including attorney's fees and expert fees;" and "other and further relief as the Court deems appropriate." (Ex. A, Compl. at 62-63 (Prayer for Relief).)  This relief is based upon a litany of alleged harms, personal and professional, identified in the Complaint that on their face establish that the amount in controversy exceeds $75,000.  *See, e.g.*, Compl. at ¶ 11 (alleging "immense suffering" and "severe and foreseeable distress"); *id.* at ¶ 26 (alleging defendants "tangibly and directly harmed Jankowicz's business prospects in her chosen profession"); *id.* at ¶ 67 (alleging Plaintiff "resigned from the Board" after being "targeted with harassment"); *id.* at ¶ 96 (alleging Plaintiff "was forced to hire an investigator and security consultant"); *id.* at ¶ 102 (alleging harm to Plaintiff's "business reputation and ability to work with institutions (public and private) on matters related to disinformation"); *id.* at ¶ 115 (alleging injury to Plaintiff "in her professional capacity"); *id.* at ¶ 117 (seeking punitive damages).

15. Accordingly, the Complaint in the State Court Action establishes that the matter in controversy exceeds $75,000.

## FNN AND FOX CORPORATION ARE NOT FORBIDDEN FROM REMOVING

16. FNN and Fox Corporation anticipate that Plaintiff may argue that as home-state defendants, FNN and Fox Corporation are forbidden from removing by 28 U.S.C. § 1441(b)(2). Such an argument would be incorrect, and has been addressed recently by this Court.  That

statute provides that "[a] civil action otherwise removable solely on the basis of the [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

17. FNN and Fox Corporation are entitled to remove, notwithstanding 28 U.S.C. § 1441(b)(2), because they have not been "served as [a] defendant." The Third Circuit has made clear that "the plain meaning" of the statute "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018). Finding no basis to contravene that plain meaning, the Court affirmed a decision denying a motion to remand where the in-state defendant removed the case before accepting service. *Id.* at 156. *See also Avenatti v. Fox News Network, LLC*, 2021 WL 2143037, at *1 (D. Del. May 26, 2021) (removal by Fox News on diversity jurisdiction grounds before service was proper).

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

18. Venue is proper in this court—for purposes of removal—under 28 U.S.C. § 1441(a) because the United States District Court for the District of Delaware is the federal judicial district and division embracing the Superior Court of the State of Delaware, where Plaintiff originally filed the State Court Action.

19. Removal is timely under 28 U.S.C. § 1446. Section 1446(b)(1) requires a defendant to remove within the shorter of 30 days after (a) "the receipt ..., through service or otherwise, of a copy of the initial pleading," or (b) "the service of summons." Because this action was only filed May 10, 2023, FNN and Fox Corporation received a copy of the Complaint that day, and FNN and Fox Corporation have not been served, removal to this Court is timely.

20. By filing this Notice of Removal, Defendants do not waive any arguments, defenses, or rights, all of which are hereby specifically reserved, including, without limitation, all arguments, defenses, and rights related to improper venue.

21. Defendants respectfully reserve the right to submit additional argument or evidence if Plaintiff challenges this notice of removal.

22. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and Defendants will file a copy of this Notice of Removal in the State Court Action.

## CONCLUSION

23. For the reasons stated above, in accordance with 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendants hereby remove this action to the United States District Court for the District of Delaware, and this Court has jurisdiction over further proceedings.

| | |
|---|---|
| DATED: May 11, 2023 | DLA PIPER LLP (US) |
| | |
| | /s/ John L. Reed |
| **OF COUNSEL:** | John L. Reed (I.D. No. 3023) |
| | Peter H. Kyle (I.D. No. 5918) |
| Eric M. George (To Be Admitted *Pro Hac Vice*) | 1201 N. Market Street, Suite 2100 |
| Pat Cipollone (To Be Admitted *Pro Hac Vice*) | Wilmington, DE 19801 |
| Patrick F. Philbin (To Be Admitted *Pro Hac Vice*) | (302) 468-5700 |
| | (302) 394-2341 (Fax) |
| Katherine A. Petti (To Be Admitted *Pro Hac Vice*) | john.reed@us.dlapiper.com |
| | peter.kyle@us.dlapiper.com |
| | |
| **ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP** | *Attorneys for Defendants Fox New Network, LLC and Fox Corporation* |
| 2121 Avenue of the Stars, Suite 3000 | |
| Los Angeles, California 90067 | |
| (310) 274-7100 | |
| (310) 275-5697 (Fax) | |
| | |
| 1155 F Street, NW, Suite 750 | |
| Washington, DC 20004 | |
| (202) 249-6900 | |
| (202) 249-6899 (Fax) | |
| | |
| egeorge@egcfirm.com | |
| pcipollone@egcfirm.com | |
| pphilbin@egcfirm.com | |
| kpetti@egcfirm.com | |